**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

**CASE NO.**

LINDA PACE, individually, and on
behalf of herself and other similarly
situated current and former employees,

    Plaintiff,                                             JURY TRIAL DEMANDED

        v.

ACADIA HEALTHCARE COMPANY, INC.,
a Delaware Corporation, and BOWLING GREEN
INN OF PENSACOLA, LLC, a Virginia
Limited Liability Company, together d/b/a
Wellness Resource Center,

    Defendants
_____/

## COLLECTIVE ACTION COMPLIANT

Named Plaintiff, Linda Pace ("Plaintiff"), individually, and on behalf of herself and all other similarly situated non-exempt hourly-paid Behavioral Health Associates/Direct Care Workers ("BHAs") as a collective, brings this Fair Labor Standards Act ("FLSA") collective action against Acadia Healthcare Company, Inc. and Bowling Green Inn of Pensacola, LLC *d/b/a* Wellness Resource Center (collectively "Defendants") and states as follows:

### I.    NATURE OF SUIT

1. This lawsuit is brought against Defendants as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid BHAs, as defined herein.

1

2. During all times material, Defendants violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

3. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

4. Plaintiff Linda Pace was employed by Defendants as a non-exempt hourly-paid Behavioral Health Associate/Direct Care Worker in Boca Raton, Florida at all times material to this collective action. Ms. Pace's consent to join form is attached as *Exhibit A*.

5. Defendant Acadia Healthcare Company, Inc. is a Delaware Corporation with its principal address being 6100 Tower Circle, Suite 100, Franklin, Tennessee 37067-1509. Acadia Healthcare Company, Inc. ("Acadia") owns and operates behavioral health treatment facilities and programs throughout the United States that specialize in treating children, adolescents, adults and seniors suffering from mental health disorders and/or alcohol and drug addiction. Wellness Resource Center is Acadia's substance abuse treatment entity in south Florida. Acadia's registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. Defendant Bowling Green Inn of Pensacola, LLC d/b/a Wellness Resource Center, is a Virginia Limited Liability Company authorized to do business, and is currently doing business, in the State of Florida, with its principal place of business being located at 6100 Tower Circle, Suite 1000, Franklin, Tennessee 37067. Bowling Green Inn of Pensacola, LLC's registered agent for service of process is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

### III.  JURISDICTION AND VENUE

7.  This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

8.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the acts and omissions giving rise to this cause of action occurred in this judicial district.

### IV.  COLLECTIVE DESCRIPTION

9.  Plaintiff brings this action on behalf of herself and the following similarly situated persons as a collective pursuant to 29 U.S.C. § 216(b):

> All current and former hourly-paid Behavioral Health Associates/Direct Care Workers who worked for Defendants in Florida at their facilities with residential treatment and/or group programs for adults struggling with substance use disorders and co-occurring mental health issues during the applicable limitations period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the collective").[1]

### V.  COVERAGE

10.  At all times hereinafter mentioned, Defendants have been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.  At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.  At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials

---

[1] Plaintiff reserves the right to amend the Collective Description.

that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. Throughout the statutory recovery period applicable to this action, Defendants knew the law required that the employees who worked for them to be paid overtime for each hour they worked over forty (40) in any given workweek.

14. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendants, were engaged in commerce during all times material to this collective action.

15. At all times material to this action, Defendants have been an "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

16. Defendants constitute an integrated enterprise as that term is defined in the Fair Labor Standards Act, 29 U.S.C, § 203(r) or, in the alternative, a "joint employer" as that term is defined under 29 C.F.R. § 791.2

17. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees" of Defendants as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.   FACTUAL ALLEGATIONS

18. Defendants provide residential treatment and group programs for adults struggling with substance use disorders and co-occurring mental health issues, such as anxiety disorders, depressive disorders, bipolar disorder, personality disorders, trauma, and eating disorders throughout Florida, as well as other such treatment facilities and programs in other states throughout the United States under the Acadia umbrella.

19.     Upon information and belief, Defendants provide residential treatment and group programs for adults struggling with substance use disorders and co-occurring mental health issues, such as anxiety disorders, depressive disorders, bipolar disorder, personality disorders, trauma, and eating disorders at their facilities in Boca Raton, Fort Myers, Wesley Chapel, Ocklawaha, Navarre, and Jacksonville, Florida.

20.     Plaintiff was employed by and worked for Defendants as a Behavioral Health Associate/Direct Care Worker at Defendants' treatment center in Boca Raton, Florida during all times material to this action.

21.     Defendants established and administered the pay practices for Plaintiff and other similarly situated BHAs during the three (3) years preceding the filing of this collective action.

22.     Plaintiff and other similarly situated BHAs worked in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

23.     At all times material, Defendants had a centralized time keeping system for the purpose of recording the hours worked by Plaintiff and those similarly situated.

24.     Defendants had a common plan, policy and practice of refusing to pay Plaintiff and collective members for the all the time they spent performing work-related duties such as administering medications, taking blood pressure, and assisting patients, in general.

25.     Plaintiff and collective members spent time "off the clock" after the end of their regularly scheduled shifts performing such tasks as (but not limited to) administering medications, taking blood pressure, and assisting patients in general.  This "off the clock" work took anywhere from fifteen (15) to thirty (30) minutes, and sometimes took an hour or more.

26. Because Plaintiff and putative collective members routinely worked forty (40) hours or more while "on the clock," the "off the clock" work they performed, as described above, should have been compensated at the FLSA mandated overtime premium of and one half times their regular rate.

27. Plaintiff and collective members did perform such "off-the-clock" after their shift's scheduled end times within weekly pay periods during all times material without being compensated at the applicable FLSA overtime rates of pay for such work times.

28. Defendants failed to "edit-in" the aforementioned "off-the-clock" work times of Plaintiff and collective members into their time keeping system or, otherwise compensate them for such unpaid "clocked-out" work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this collective action, despite having knowledge of the off-the-clock work and receiving the benefits of the work.

29. Defendants were aware they were not compensating Plaintiff and collective members at the applicable FLSA overtime rates of pay for such "off-the-clock" work times within weekly pay periods at all times material.

30. The aforementioned unpaid "off-the-clock" claims of Plaintiff and collective members are unified through a common theory of Defendants' FLSA violations.

31. Defendants' common plan, policy and practice of not compensating Plaintiff and collective members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

32. Defendants' failure to compensate Plaintiff and collective members for their aforementioned "off-the-clock" work times was willful and without a good faith basis.

33. As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and collective members in compliance with the requirements of the FLSA, Plaintiff and collective members have suffered lost wages in terms of lost overtime compensation as well as other damages.

34. The net effect of Defendants' common plan, policy, and practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) during all times material to this collective action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and collective members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this case as a 29 U.S.C. § 216(b) collective action on behalf herself and other similarly situated BHA's/Direct Care Workers who worked for Defendants in Florida at their facilities with residential treatment and/or group programs for adults struggling with substance use disorders and co-occurring mental health issues to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

36. Plaintiff seeks to pursue her aforementioned unpaid overtime wage claims against Defendants on behalf of herself, individually, and on behalf of herself and all other similarly situated Behavioral Health Associates/Direct Care Workers as a collective.

37. Plaintiff and collective members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and collective members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

38. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective with respect to Defendants' time keeping, pay practices and compensation plans, policies and practices.

39. This action also is properly maintained as a collective action under the FLSA because the aforementioned unpaid "off-the-clock" claims are unified through a common theory of Defendants' violations of the FLSA.

40. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to collective members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of collective members to protect their interests.

41. Plaintiff will fairly and adequately protect the interests of the collective as her interests are in complete alignment with those of collective members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

42. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative collective members.

43. Defendants knew Plaintiff and collective members performed the aforementioned unpaid "off-the-clock" work that resulted in excess of forty (40) hours per week within weekly pay periods which required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendants operated under a common policy and practice to deprive Plaintiff and collective members of such overtime compensation.

44. Defendants' conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damage to Plaintiff and the collective.

45. Defendants did not have a good faith basis for its failure to compensate Plaintiff and collective members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

46. Therefore, Defendants are liable to Plaintiff and collective members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime work times.

47. Plaintiff requests this Court to authorize notice to the members of the collective to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

48. Plaintiff estimates there are over one hundred (100) putative members of the collective. The precise number of collective members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

49. Given the composition and size of the collective, members of the collective may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice in all of Defendants' facilities.

50. Plaintiff and collective members' unpaid overtime compensation claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

51. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

52. At all times material, Plaintiff and collective members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

53. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and collective members also have engaged in interstate commerce during all times material to this action.

54. At all times material, Defendants were an "employer" of Plaintiff and each of the collective members, as such term is defined by the FLSA.

55. Plaintiff and collective members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

56. Plaintiff and other collective members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

57. As a result of the aforementioned unpaid "off-the-clock" work times of Plaintiff and collective members Defendants have violated the FLSA and is liable to Plaintiff and the collective for such unpaid overtime compensation.

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

59. Through their actions, plans, policies and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and collective members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

60. Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

61. Defendants' actions were not in good faith.

62. The unpaid overtime claims of Plaintiff and the collective are unified through a common theory of Defendants' FLSA violations.

63. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and collective members have suffered and will continue to suffer a loss of income and other damages.

64. Therefore, Defendants are liable to Plaintiff and other members of the collective for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and collective members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and collective members all unpaid overtime compensation against Defendants;

b) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and collective members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the collective members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative collective members pursuant to 29 U.S.C. § 216(b) for the claims of the collective;

i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and collective members may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 19, 2020.                    Respectfully Submitted,

/s/ Alan L. Quiles
Alan Quiles
Florida Bar No. 62431
Gregg I. Shavitz
Florida Bar No. 11398
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
T. (561) 447-8888
F. (561) 447-8831
aquiles@shavitzlaw.com
gshavitz@shavitzlaw.com

&

/s/ J. Russ Bryant
J. Russ Bryant (TN BPR #33830)
(*pro hac vice* application forthcoming)
Robert E. Morelli, III (TN BPR #37004)
(*pro hac vice* application forthcoming)

**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR NAMED PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

LINDA PACE, Individually, and on
behalf of herself and other similarly
situated current and former employees,

    Plaintiff,

v.

ACADIA HEALTHCARE COMPANY, INC.,
a Delaware Corporation, and BOWLING GREEN
INN OF PENSACOLA, LLC, a Virginia
Limited Liability Company, together d/b/a
Wellness Resource Center,

    Defendants

JURY TRIAL DEMANDED

_____/

## CONSENT TO JOIN

1. I have been employed by Defendant and classified as an hourly-paid BHA/Direct Care Worker within the past three (3) years.

2. I hereby consent to join this or any subsequent action against the Defendant as Named Representative Plaintiff to assert claims for unpaid overtime compensation in violation of the FLSA 29 U.S.C. § 201, *et seq.*, as specified in the Complaint.

3. I understand this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), *et seq.* I hereby consent, agree, and opt-in to become a Named Representative-Plaintiff in this action.

4. I agree to be represented by Jackson, Shields, Yeiser & Holt, Owen & Bryant, Attorney Gordon E. Jackson, J. Russ Bryant, Robert E. Morelli, III, and Robert E. Turner, IV, as well as any other attorneys with whom they may associate.

5. If this case does not proceed collectively, I also consent to join any subsequent action.

*/s/ Linda Pace*

05-28-2020

Linda Pace