# EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

### WITNESSETH:

**WHEREAS,** Linda Pace ("Plaintiff") filed a lawsuit against Acadia Healthcare Company, Inc. ("Acadia") and Bowling Green Inn of Pensacola, LLC ("Bowling Green") (collectively the "Parties") styled <u>Linda Pace, individually, and on behalf of herself and similarly situated current and former employees, v. Acadia Healthcare Company, Inc., a Delaware Corporation and Bowling Green Inn of Pensacola, LLC, a Virginia Limited Liability Company d/b/a Wellness Resource Center</u>, Case No. 9:20-CV-80971 in the United States District Court for the Southern District of Florida (the "Lawsuit"), seeking damages and asserting claims relating to alleged non-payment of wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

**WHEREAS,** Acadia and Bowling Green deny that they violated any law or otherwise acted inappropriately toward Plaintiff in any way and believe that Plaintiff's Lawsuit and claims are factually and legally baseless;

**WHEREAS,** there is a bona fide factual dispute regarding amounts allegedly owed to Plaintiff, and all other matters of liability and damages, the Parties believe it to be in their respective best interests to enter into this Settlement and Release Agreement ("Agreement" or "Release"), and Plaintiff and Acadia and Bowling Green desire to resolve fully and finally all differences between them that are or could have been the subject of the Lawsuit or that otherwise have arisen up until the date of the execution of this Agreement; and

**THEREFORE,** in consideration of the mutual promises in this Agreement, the Parties agree as follows:

### Section 1 -  Court Approval

Within three (3) days of execution of this Agreement by the Plaintiff, and Defendant, the Parties will file a Joint Motion for Approval in the Litigation. The Parties will take all steps to see that this Agreement is reviewed and approved by the Court *in camera* or at a fairness hearing. Only if required by Court Order will this Agreement be filed in the Litigation. If, for any reason, the Court does not approve this Agreement and issue an Order of Dismissal with Prejudice, the Parties agree to amend this Agreement and resubmit to the Court for approval. Further, if the Court approves the Settlement and this Agreement with modifications, the Parties' obligations under this Agreement shall be governed by the Court's Order.

### Section 2 – Benefits

(a) **In General:** Acadia and Bowling Green promise that, after Plaintiff signs and returns this Agreement, and conditioned upon  the Court's approval, it will issue the payments provided in Section 1(c), which are conditioned on the Plaintiff's execution of this Agreement and Court approval. The payments will be issued within five (5) business days of the Court's approval of this Agreement and dismissal of the Lawsuit whichever occurs last.

(b) **Sufficiency of Consideration:** Plaintiff acknowledges and agrees that the payments in Section 1(c) that she will receive because she executes this Agreement are sufficient consideration for all of the promises she is making in this Agreement.

(c) **Cash Payment:** In exchange for Plaintiff's agreement to the terms of this Release, Acadia and Bowling Green agree to pay in compromise and settlement of disputed claims, and Plaintiff agrees to accept in full accord and satisfaction of her claims and all relief sought, the gross sum of Nine Thousand Two Hundred and Fifty Dollars ($9,250.00). The parties have reasonably and fully negotiated that the settlement amount shall be allocated and paid as follows: (1) one check payable to Linda Pace for One Thousand Two Hundred and Twenty Eight Dollars and Fifty Cents ($1,228.50), less all applicable withholdings under state and federal law, for which Bowling Green shall issue an IRS Form W-2, representing Plaintiff's claim for back pay all other compensation; (2) one check payable to Linda Pace for One Thousand Two Hundred and Twenty Eight Dollars and Fifty Cents ($1,228.50), for which Bowling Green shall issue an IRS Form 1099, representing Plaintiff's claims for liquidated damages; and (3) one check payable to Jackson, Shields, Yeiser, Holt, Owen & Bryant (Tax ID No. 62-1851619), for Six Thousand Seven Hundred and Ninety Three Dollars and Zero Cents ($6,793.00), for which Bowling Green shall issue an IRS Form 1099, representing Plaintiff's claim for attorneys' fees and expenses. Payment is conditioned upon Defendants' receipt of a signed W-4 from Plaintiff and a signed W-9 from Plaintiff and her counsel.

Plaintiff acknowledges and agrees that: (1) these payments are adequate and sufficient consideration to support this Agreement and are made to resolve claims as to which the Parties have a bona fide dispute; (2) they are more than Plaintiff is otherwise entitled to receive under any law or Bowling Green's work rules and policies or for any other reason; (3) she is not owed any other compensation whatsoever from Bowling Green, Acadia, or the Released Parties, as that term is defined in this Agreement, under any federal, state, or local law; and (4) other than the payment described in this Agreement, she is not entitled to and will not receive any other payment of any kind from Bowling Green, Acadia, or the Released Parties. This does not include or release claims asserted by Ms. Linda Pace as an opt-in plaintiff in the matter of *Lamar v. Rehabilitation Centers, LLC et. al.*, 3:20-cv-00129, currently pending in the United States District Court for the Middle District of Tennessee.

**Section 3 – Complete Release**

(a) **In General:** As a material inducement to Bowling Green and Acadia to provide her the benefits described in Section 1, Plaintiff irrevocably, unconditionally, and forever releases all of the Claims described in Section 2(b) that Plaintiff may now have against the Released Parties listed in Section 2(d).

2

(b) **Claims Released:** Plaintiff hereby fully, finally, and forever releases, remises and discharges the Released Parties listed in Section 2(d) from all claims for unpaid wages, including the FLSA claims asserted in the Lawsuit (the "Released Claims"). The Released Claims include all FLSA claims for unpaid regular, straight time, or overtime wages, any related wage and hour and wage payment law claims, all derivative benefit claims (both ERISA and non-ERISA benefits, including 401(k) benefits or matching benefits, retirement benefits, and deferred compensation benefits) relating to payments made pursuant to this Agreement, any state or local wage and hour law, or unpaid wages type of claims, interest on such claims, liquidated damages, penalties, and attorneys' fees and costs related to such claims, and all other available remedies and relief of any kind or nature whatsoever related to such claims from the beginning of time to the date of the execution of this Agreement. This release does not include claims asserted by Ms. Linda Pace as an opt-in plaintiff in the matter of *Lamar v. Rehabilitation Centers, LLC et. al.*, 3:20-cv-00129, currently pending in the United States District Court for the Middle District of Tennessee.

(c) **Unknown Claims:** Plaintiff understands that she is releasing Claims that she may not know about. Plaintiff's knowing and voluntary intent, even though Plaintiff recognizes that someday she might learn that some or all of the facts she currently believes to be true are untrue and even though she might then regret having signed this Release. Plaintiff is assuming that risk, and she agrees that this Release shall remain effective in all respects in any such case. Plaintiff waives all rights she might have under any law that is intended to protect her from waiving unknown claims and understand that she is doing so. Plaintiff fully understands and agrees that this Agreement may be pled by the Released Parties as a complete defense to any claim or entitlement which may be hereafter asserted by her or on her behalf in any suit, claim, or grievance proceeding against the Released Parties, for or on account of any matters or things up to and including the present time of execution hereof. Nothing herein is intended to waive any Claims which the Plaintiff might have to the extent such Claims arise subsequent to the date hereof.

(d) **Released Parties:** The Released Parties are Bowling Green and Acadia, and all of their related entities, predecessors, successors, purchasers, subsidiaries, assigns, and affiliates, and the officers, agents, directors, employees, stockholders, owners, representatives, attorneys, agents, insurers, and employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs) of any of them, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subsection. This release does not include claims asserted by Ms. Linda Pace as an opt-in plaintiff in the matter of *Lamar v. Rehabilitation Centers, LLC et. al.*, 3:20-cv-00129, currently pending in the United States District Court for the Middle District of Tennessee.

(e) **No Admission of Wrongful Conduct:** This Agreement is not an admission by either party or any of the Released Parties of any wrongful conduct whatsoever, and Bowling Green and Acadia and Plaintiff agree never to claim that it is. Plaintiff and Bowling Green and Acadia have entered into this Agreement for their respective benefit to resolve all disputed claims between them, regardless of whether asserted in the Lawsuit.

**Section 4 – Promises**

3

(a) **Pursuit of Released Claims:** Except for the Lawsuit, Plaintiff represents that she has not filed or caused to be filed any lawsuit, complaint, or charge against any Released Party, including with respect to any Claim she is purporting to waive in this Agreement, and she promises never to file or prosecute a lawsuit or complaint based on such Claims. Plaintiff agrees to cooperate fully with the Released Parties and take whatever action is necessary to cause the dismissal with prejudice of the Lawsuit. Plaintiff further acknowledges that any dismissal with prejudice of the Lawsuit, by stipulation or otherwise, is a decision on the merits which will prevent her from bringing any future legal action against Bowling Green, Acadia, or any other Released Party asserting any Claim this Agreement purports to waive, including but not limited to those actually raised or that could have been raised in the Lawsuit. Plaintiff further acknowledges and agrees that until such dismissal with prejudice of the Lawsuit is ordered and effective and the Lawsuit is actually and finally dismissed, Bowling Green's and Acadia's promises in this Agreement shall not be binding or enforceable. Plaintiff promises never to seek any damages, remedies, or other relief for herself personally (any right to which she hereby waives) by filing or prosecuting a charge with any administrative agency with respect to any such Claim this Agreement purports to waive.

(b) **Taxes:** Plaintiff is responsible for paying any taxes on amounts she receives because she signed this Agreement and received consideration hereunder. Plaintiff further agrees not to make any claim against Bowling Green, Acadia, or any other person based on how Bowling Green and Acadia report amounts paid under this Agreement to tax authorities or if an adverse determination is made as to the tax treatment of any amounts payable under this Agreement. Plaintiff agrees that Bowling Green and Acadia have no duty to try to prevent such an adverse determination.

(c) **Ownership of Claims:** Plaintiff represents that she has not assigned or transferred any Claim that she is releasing.

## Section 5 – Consequences of Violating Promises

The parties agree to pay the reasonable attorneys' fees, costs, and any damages any party to this lawsuit or Released Party may incur as a result of a breach of a promise they made in this Agreement or if any representation they made in this Agreement was false when made; specifically including, without limitation, the attorneys' fees, costs, and any damages any party to this lawsuit or Released Party may incur in: (1) defending against any claim by Plaintiff suing or seeking relief for herself personally against any Released Party for any Claim she is purporting to waive in this Agreement; or (2) redressing any breach or threatened breach by any party of Section 3(d) or 3(e) above.

## Section 6 – Miscellaneous

(a) **Entire Agreement:** This document constitutes the entire agreement between Bowling Green and Acadia and Plaintiff and cannot be changed in any way except in writing signed by both Plaintiff and an authorized Bowling Green and Acadia official. Plaintiff acknowledges that Bowling Green and Acadia have not promised her anything that is not

4

included in this Agreement and that she is not relying on any statement, written or oral, that is not included in this Agreement.  If any provision in this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

      (b)  **Successors:**  This Agreement binds the parties and their heirs, administrators, representatives, executors, successors, and assigns, and will benefit the parties and all Released Parties and their respective heirs, administrators, representatives, executors, successors, and assigns.

      (c)  **Interpretation:**  This Agreement will be construed as a whole according to its fair meaning and not for or against either party.  Unless the context indicates otherwise, the singular or plural number shall be deemed to include the other.  Captions are intended solely for convenience of reference and shall not be used in the interpretation of this Release.  This Agreement is governed by the statutes and common law of the State of Florida, and any lawsuit relating to a dispute concerning this Agreement must be brought in the federal or state courts covering Palm Beach County, Florida.

      (d)  **Neutral Reference:**  The Released Parties agree to follow normal company protocol with regard to inquiries concerning Plaintiff, by only confirming her position, last rate of pay, and dates of employment.

> **READ THIS AGREEMENT, CAREFULLY CONSIDER ALL OF ITS PROVISIONS, AND DISCUSS IT WITH YOUR ATTORNEY BEFORE SIGNING IT:   THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN WAGE CLAIMS.**

4827-8951-2914.4
LEGAL\4975593\2

WHEREFORE, to signify their agreement to the terms of this Settlement and Release Agreement, which consists of six (6) typewritten pages, the parties have executed this Settlement and Release Agreement and on the date(s) set forth below.

_____          12-01-2020
LINDA PACE                                  _____
                                            Date


FOR ACADIA HEALTHCARE
COMPANY, INC. and BOWLING GREEN
INN OF PENSACOLA, LLC:                      _____
                                            Date
_____
By: _____
Title: _____

6